## Beavers' Administrator v. Ashlock.

(Decided November 25, 1913).

### Appeal from Hardin Circuit Court.

Sureties—Limitation—Instruction.—In an action against an administrator upon a note, the defense being that it was signed as surety and the statute of limitation relied on, an instruction authorizing the jury to find for the plaintiff if they believed from the evidence that excluding the time decedent was absent from the State, and the six months following the appointment of the administrator, the time between the maturity of the note and the filing of the action did not amount to as much as seven years, aptly stated the law, and the judgment in favor of the plaintiff will not be disturbed.

H. L. JAMES for appellant.

R. A. BUCKLES, L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted upon the following note: "$428.50. One day after date we promise to pay to J. Y. Brown, or order, the sum of Four Hundred and Twenty-eight Dollars & Fifty Cents for value received in borrowed money.

(Signed)    "C. M. ABNEY,
                   "B. G. BEAVERS."

"This Jan. 10th, 1903.

J. Y. Brown, the payee, died, and his administrators assigned the note to appellee, Ashlock, on the 24th of October, 1904.

The administrator of Beavers answered, and pleaded that Beavers only signed the note as surety, and received no part of the money for which it was executed, and pleaded the statute of seven years limitation as to sureties.

The plaintiff replied, and stated that Beavers had absented himself from the State by removal therefrom from the fall of 1904 for about two years, and again absented himself from the state by removal therefrom to the State of Georgia for about two years, and that the time fixed by law for bringing suits against administrators deducted from the time that Beavers was absent from the State in the States of Washington and Georgia, if excluded, would make it much less than seven years from the date of the maturity of the note, to-wit: October 24, 1904, to the bringing of this action.

The court first instructed the jury that if they believe from the evidence that Beavers was surety, that they should find for him, unless absent from the State, etc. Appellant says the court erred in this as there was no proof except the deposition of Abney, the principal in the note, that Beavers was surety only. Appellant is mistaken in this. There was some proof in conflict that the note on its face was a joint note of Abney and Beavers, and the jury should have determined from the evidence whether or not he was surety. Appellant also objected to instruction two, which is as follows:

"The court further instructs the jury that if they believe from the evidence that said B. G. Beavers signed the note sued on herein as surety and not as principal they should find for the defendant unless they shall further believe from the evidence that, excluding such time as said B. G. Beavers was absent by removal from the State, if he was absent therefrom, and such further time as elapsed between his death and the appointment of the administrator of said B. G. Beavers, and further excluding the six months immediately following the appointment of said administrator in which an action under the law could not be brought against said administrator, the time remaining between the 11th day of January, 1903, when said note became due and September 17th, 1912, when this suit was filed did not amount to as much as seven years in which event the jury should find for plaintiff."

Section 2551 of the Kentucky Statutes reads as follows:

"A surety in any obligation or contract, other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed without suit thereon, after the cause of action accrued."

Section 2552 of the statutes, in so far as applicable to the question, reads as follows:

"The limitations given in the next four preceding sections shall not apply to so much of the time elapsed when there was no executor, administrator or other person authorized to commence an action, nor to the six months during which an action cannot be brought against a personal representative. * * * And if such surety shall remove from the State, or otherwise, obstruct or hinder his being sued, the time of such ob-

struction shall not be computed as part of the time of limitation.''

It appears to us that the court by instruction number two followed the statute in reference to sureties. The plaintiff's evidence tends to show that Beavers in the fall of 1904 sold his personal property, and moved with his family to the State of Washington, and bought a home there, and remained for two years or more, and was only back from there a few times during the two years, in attendance upon a law suit which he had with a man by the name of Bowen, and after that that he moved to Dawson, Georgia, and purchased property, and went into business with his son, and remained there for about two years.

Testimony of appellant tends to show that he temporarily moved to each of the places, that his family was in bad health with lung trouble, and that he went there for their benefit; that he was at home most of the time during these periods, and that he was called to Washington several times during the serious illness and death of probably a son and daughter, and his wife. Under this evidence the court aptly put it, that B. G. Beavers was absent by removal from the State. The jury could not have misunderstood this language.

The judgment is, therefore, affirmed.